IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY A. DUPLER,

    Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-1215
JUDGE SARAH D. MORRISON
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." If it does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED.**

## I. BACKGROUND

Petitioner challenges his April 2019 convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas for possession and trafficking in methamphetamine with specifications, possession of drug paraphernalia, and having a weapon while under

disability. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶3} On April 26, 2018, Appellant entered a guilty plea to Possession of Drugs (Methamphetamine) with a Forfeiture Specification and a Firearm Specification, a felony of the second degree, in violation of R.C. 2925.11(A), 2941.1417 and 2941.145; Trafficking in Drugs (Methamphetamine) with a Forfeiture Specification and a Firearm Specification, a felony of the second degree, in violation of R.C. 2925.03(A)(2) and 2941.1417 and Having Weapon While Under Disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3) and Possession of Drug Paraphernalia, a misdemeanor of the fourth degree, in violation of R.C. 2925.14(C)(1).
>
> {¶4} The parties executed a joint sentencing recommendation agreeing that appellant should be sentenced to five years and forfeit the $ 2,505.00 seized in this matter. The trial court accepted the guilty plea, imposed the recommended sentence, ordered that a weapon be forfeit and waived all mandatory fines. The sentencing entry reveals the trial court was silent as to any finding regarding allied offenses. Appellant did not file an appeal of his conviction or sentence.
>
> {¶5} On August 31, 2018 appellant filed a petition for post-conviction relief asserting two grounds in support of the petition. First, that the sentences for violation of R.C. 2925.11(A) and R.C. 2925.03(A)(2) are void because the statutes describe allied offenses of similar import and that imposing a punishment for both is a violation of the double jeopardy clause. He also claimed his sentence for having a weapon under disability was void because the court imposed a sentence in terms of months rather than years.
>
> {¶6} Appellee replied that appellant's arguments were undermined by the fact that he participated and received a jointly recommended sentence, that there is no legal distinction between 24 months and 2 years with regard to the sentence for having weapon under disability and the argument regarding allied offenses of similar import should fail because there was no objection filed nor was there an appeal filed asserting error.
>
> {¶7} On September 27, 2018 the trial court denied the motion without a hearing finding:
>
>> The defendant was sentenced pursuant to a joint recommendation by the state and the defendant, and his sentence is authorized by law. Further he failed to file a direct appeal, nor is his sentence void; therefore the doctrine of *res judicata* bars his claims. Finally the defendant fails to provide anything beyond the record in this case to support his claims. Therefore after due consideration of the same,

> the defendant's motion is Denied and his request for an evidentiary hearing is also Denied.

Entry, Sept. 27, 2018, Docket # 33, (sic)

{¶8} Appellant filed a timely notice of appeal and asserted 3 assignments of error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED POSTCONVICTION RELIEF."

{¶10} "II. GIVEN THE ISSUE OF R.C. § 2925.11 (A) & § 2925.03 (A) (2)'S ALLIED NATURE IS WELL SETTLED, FAILURE TO MERGE CONVICTIONS AT SENTENCING HEARING RESULTS IN A DOUBLE JEOPARDY VIOLATION."

{¶11} "III. A SENTENCE IMPOSED IN TERMS NOT PROVIDED BY STATUTE IS VOID AB INITIO."

*State v. Dupler*, 5th Dist. No. CT2018-0068, 2019 WL 1965302, at *1-2 (Ohio Ct. App. April 30, 2019). On April 30, 2019, the appellate court dismissed Petitioner's claims as barred under Ohio's doctrine of *res judicata* and without merit. *Id.* On August 20, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Dupler*, 156 Ohio St.3d 1486 (Ohio 2019).

On March 5, 2020, Petitioner filed this *pro se* habeas corpus petition. He asserts that his convictions violate the Double Jeopardy Clause (claim one); that the trial court violated the doctrine of separation of powers in imposing sentence (claim two); and that the prosecutor improperly constructively amended the indictment and he was denied the effective assistance of counsel based on his attorney's failure to object (claim three).

## II. EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the

right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990).

In Ohio, this exhaustion requirement includes direct and delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970). Petitioner indicates that he did not pursue a timely direct appeal. He may still pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A). Thus, this action is subject to dismissal on this basis. *See Summers v. Warden*, No. 2:16-cv-0063, 2017 WL 412875, at *5 (S.D. Ohio Jan. 31, 2017) (citing *Keeley v. Warden*, *Belmont Corr. Inst.,* No. 2:15-cv-0972, 2016 WL 1642965, at *5-6 (S.D. Ohio April 26, 2016); *Ortiz v. Wolfe*, No. 2:08-cv-94, 2009 WL 995622, at *5-6 (S.D. Ohio April 14, 2009)).

### III. DISPOSITION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED.**

The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o:

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                            _s/ *Elizabeth A. Preston Deavers*_____
                                            ELIZABETH A. PRESTON DEAVERS
                                            CHIEF UNITED STATES MAGISTRATE JUDGE