# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TROY DUPLER

    Petitioner, : Case No. 2:20-cv-1215

    -vs-     Judge Sarah D. Morrison
        Magistrate Judge Elizabeth Preston Deavers

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    :

    Defendant.

## OPINION AND ORDER

On March 27, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R"), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, recommending that this action be dismissed without prejudice as unexhausted. (ECF No. 4.) Petitioner filed an Objection to the Magistrate Judge's R&R. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the following reasons, Petitioner's Objection (ECF No. 5) is **OVERRULED**. The R&R (ECF No. 4) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** without prejudice.

Petitioner makes the following allegations regarding his April 2019 state court convictions and sentence: (1) the convictions violate the Double Jeopardy Clause; (2) the state courts violated the separation of powers doctrine in imposing his sentence, and (3) Petitioner was denied effective assistance of counsel because his attorney failed to object to the prosecutor's constructive amendment of the indictment. (Petition, ECF No. 1, PAGEID # 1–3.) Although Petitioner filed a timely motion for post-conviction relief in state court, he did not file a direct appeal.

In her R&R, the Magistrate Judge recommended dismissal of the action based on Petitioner's failure to exhaust his available remedies in state court. (4, ECF No. 4.) As she points out, in Ohio, this exhaustion requirement includes direct and delayed appeals (which Petitioner may still pursue) to the Ohio Court of Appeals and the Ohio Supreme Court. (*Id.*) Contrary to Petitioner's Objection, Petitioner's complaints involve on-the-record claims that are properly raised on direct appeal, and not in a state collateral post-conviction proceeding. *See Cowans v. Bagley*, 236 F. Supp. 2d 841, 855 (S.D. Ohio 2002) ("Claims appearing on the face of the record must be raised on direct appeal[.]") (citing *State v. Perry*, 10 Ohio St. 2d 175 (Ohio 1967)). In fact, the state appellate court explicitly affirmed the trial court's denial of Petitioner's petition for post-conviction relief on this basis, instructing Petitioner that his "challenge to sentencing based on an allied offense theory could have been raised as part of his direct appeal and. . . is therefore barred by res judicata." *State v. Dupler*, 2019 WL 1965302, at *3 (Ohio Ct. App. 5th Dist. 2019).

For these reasons, the Court concludes that Petitioner's Objection is without merit.

## **CERTIFICATIONS**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court next considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015) (Sotomayor, J., dissenting); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a

petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists could debate the dismissal of this action as unexhausted. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE